# Brian Dilks

| | |
|---|---|
| **From:** | Matthew Zettley |
| **Sent:** | Tuesday, June 27, 2023 10:37 AM |
| **To:** | Andrew Drake; Brian Dilks |
| **Subject:** | FW: Dynamics, Inc. #81-00159 Western District of Virginia DK:00000016006051 |

Below is the link for our achive order.

Sincerely,
Matthew Zettley
Dilks & Knopik, LLC
35308 SE Center Street
Snoqualmie, WA 98065
Toll Free: 877-836-5728 ext 107
Direct: 425-654-4135
Fax: 800-713-9887

www.dilksknopik.com

*Warning: The information contained in this message and all documents attached hereto may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to this message and then delete it from your computer, or promptly contact the sender by telephone at 425-836-5728.*

FILED ROANOKE, VA
U.S. BANKRUPTCY COURT
JUL -5 2023
By _____
DEPUTY CLERK

**From:** Jessica Hopkins <Jessica.Hopkins@nara.gov>
**Sent:** Tuesday, June 6, 2023 8:51 AM
**To:** Matthew Zettley <matt.zettley@dkllc.com>
**Cc:** Lindsay Closterman <Lindsay.Closterman@nara.gov>
**Subject:** Re: Dynamics, Inc. #81-00159 Western District of Virginia DK:00000016006051

Matthew:

Thank you for following up about your request.

Your digitized reproduction order from the National Archives at Kansas City is now available. You may view, print, and/or download the file here: https://ws.onehub.com/folders/ebd1m62v

This link will be available for 30 days, after which time, it will be deleted. Please be sure to download the file before the 30 days expire. When clicking on the link from a mobile device, you will be able to view the file, but installing the OneHub app may be required to save the file to your device; the preferred method is to access the file via a laptop or desktop computer. For questions or help with your order, please contact TrustFundSupport@nara.gov. For questions or help with using the site, please contact OneHub at support@onehub.com or call 877-644-7774.

The full source citation is below.

National Archives at Kansas City
Record Group: 578
Creator: U.S. Bankruptcy Court for the Western District of Virginia. Roanoke Office.

Series: Sampled Non Trial Bankruptcy Case Files, 1953 to 1994
National Archives Identifier: 29032456 (https://catalog.archives.gov/id/29032456)
Original transfer P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-LBC, box 1
Items:
--Folder 2 of this file contains "Report of Trustee and Request for Final Meeting," filed on April 2, 1986, which includes a one-page letter from the trustee-- 5 pages
--"Final Report of Trustee to Request Closing of Case," filed July 15, 1986 --1 page
--Folder titled "Proofs of Claims

Please let me know if you have any additional questions.

Sincerely,


Jessica Hopkins | Deputy Director of Archival Operations
National Archives at Kansas City
400 West Pershing Road
Kansas City, MO 64108
Jessica.Hopkins@nara.gov | (P) 816.994.1736


On Mon, Jun 5, 2023 at 5:48 PM Matthew Zettley <matt.zettley@dkllc.com> wrote:

Hi Jessica,


I have not received anything from you about ordering.  The items you listed in your below email are the items we want to order.  Thank you.



Sincerely,

Matthew Zettley
Dilks & Knopik, LLC
35308 SE Center Street
Snoqualmie, WA 98065
Toll Free: 877-836-5728 ext 107
Direct: 425-654-4135
Fax: 800-713-9887

www.dilksknopik.com

*Warning: The information contained in this message and all documents attached hereto may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to this message and then delete it from your computer, or promptly contact the sender by telephone at 425-836-5728.*

B.O.F. 15 (Rev. 8-74)

# United States District Court

FILED

MAR 23 1981

For the _____ District of _____

In re

Dynamics, Inc.
P. O. Box 5689
Charlottesville, VA 22903

*Bankrupt* *

Bankruptcy No. 681-00159-C

HOWARD J. BECK, J

## PROOF OF CLAIM

1. [*If claimant is an individual claiming for himself*] The undersigned, who is the claimant herein, resides at **

[*If claimant is a partnership claiming through a member*] The undersigned, who resides at **

is a member of _____, a partnership,
composed of the undersigned and
of ** _____, and
doing business at **
and is authorized to make this proof of claim on behalf of the partnership.

[*If claimant is a corporation claiming through an authorized officer*] The undersigned, who resides at **
    316 East 9th Street, Owensboro, KY 42301
is the   Manager-Finance       of   General Electric Company
a corporation organized under the laws of   New York
and doing business at **   316 East 9th Street, Owensboro, KY 42301
and is authorized to make this proof of claim on behalf of the corporation.

[*If claim is made by agent*] The undersigned, who resides at **
                                                 , is the agent of
, of **                                                              , and is
authorized to make this proof of claim on behalf of the claimant.

2. The bankrupt was, at the time of the filing of the petition initiating this case, and still is indebted [*or* liable] to this claimant, in the sum of $ 5 017.50.

3. The consideration for this debt [*or* ground of liability] is as follows:   Statement of Account.

4. [*If the claim is founded* on writing] The writing on which this claim is founded (or a duplicate thereof) is attached hereto [*or* cannot be attached for the reason set forth in the statement attached hereto].

5. [*If appropriate*] This claim is founded on an open account, which became [*or* will become] due on
                                          , as shown by the itemized statement attached hereto.
Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

6. No judgment has been rendered on the claim except

7. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. This claim is not subject to any setoff or counterclaim except

9. No security interest is held for this claim except

[*If security interest in property of the debtor is claimed*] The undersigned claims the security interest under the writing referred to in paragraph 4 hereof [*or* under a separate writing which (or a duplicate of which) is attached hereto, *or* under a separate writing which cannot be attached hereto for the reason set forth in the statement attached hereto]. Evidence of perfection of such security interest is also attached hereto.

10. This claim is a general unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. [*If priority is claimed, state the amount and basis thereof.*]

11. This claim is filed as a(n)   (Unsecured)
                                  (Secured   ) CLAIM.
                                  (Priority  )

$ __$5 017.50__
Total Amount Claimed

Claim Number
(For Office Use Only)

Name of Creditor: _____GENERAL ELECTRIC COMPANY_____
(Print or Type Full Name of Creditor)

Dated: March 20, 1981     Signed: _____[signature]_____

*Penalty for Presenting Fraudulent Claim.* Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

* Include all names used by bankrupt within last 6 years.
** State post office address.

LAW OFFICES

## PAXSON, SMITH, GILLIAM & SCOTT
A PROFESSIONAL CORPORATION
POST OFFICE BOX 2737
CHARLOTTESVILLE, VIRGINIA 22902

(804) 296-2161

WILLIAM MASSIE SMITH
GEORGE HARRISON GILLIAM
WILLIAM MASSIE SMITH, JR.
W. STEPHEN SCOTT
JAMES E. SKEEN
CHRISTINE C. CHAPMAN

418 EAST WATER STREET

C. ARMONDE PAXSON
(1905-1976)

April 1, 1986

RECEIVED AND FILED
AT LYNCHBURG, VIRGINIA

APR 2

HOWARD J. BECK, JR., CLERK
UNITED STATES BANKRUPTCY COURT
By_____

Betty Jo Wright, Deputy Clerk
United States Bankruptcy Court
P. O. Box 857
Lynchburg, VA 24505

In re:   Dynamics, Inc.
         Chapter 7 No. 681-00159-C

Dear Betty Jo:

Enclosed herewith is my Final Report of Trustee and Request for Final Meeting, dated April 1, 1986. It is my understanding that you will be scheduling the final meeting for April 28, 1986.

Pursuant to paragraph 3 of my final report, I enclose herewith my check #105, payable to the United States Bankruptcy Court in the sum of $2,598.64. This sum represents an unclaimed first distribution paid to General Electric Company, and should be placed in the Claims Registry.

I am returning to the Court herewith, the Proofs of Claim filed in this case. I do not believe I will need them in order to make a final distribution to general creditors.

Thank you for your assistance in this regard, and please let me or Joan know should you have any questions regarding my report.

Very truly yours,

W. Stephen Scott
Trustee in Bankruptcy for
Dynamics, Inc.

/jbhs
Enclosures
CERTIFIED MAIL #P14 8089560
RETURN RECEIPT REQUESTED

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

RECEIVED AND FILED
AT LYNCHBURG, VIRGINIA

APR 2

HOWARD J. BECK, CLERK
U.S. BANKRUPTCY COURT
BY _____
DEPUTY CLERK

In re:

DYNAMICS, INC.,

      Debtor

Case No. WNT681-00159-C
Chapter 7

REPORT OF TRUSTEE AND
REQUEST FOR FINAL MEETING

TO THE HONORABLE WILLIAM E. ANDERSON, U.S. BANKRUPTCY JUDGE:

    Comes now W. Stephen Scott, duly appointed Trustee in Bankruptcy for Dynamics, Inc., and files this report on the financial condition of the referenced estate and request for final meeting of creditors. Your Trustee states unto the Court as follows:

    1. On December 10, 1985, your Trustee filed his quarterly report with the Court on the financial condition of this estate as of September 30, 1985. At that date, there was a balance of funds on hand in checking, including deductions for outstanding checks, of $432.83, and a balance of funds invested in a money market account of $5,401.36, representing a total of funds on hand from all sources of $5,834.19.

    2. During the period October 1, 1985 through March 31, 1986, your Trustee has received funds totalling the sum of $50,599.12, and disbursed funds totalling the sum of $8,929.22, leaving a balance of funds on hand from all sources totalling the sum of $47,504.09. Said balance is reconciled as follows:

- 1 -

```
Balance on hand at last report
    dated December 10, 1985:
    Checking                      $    432.83
    Money Market Savings             5,401.36         $ 5,834.19

RECEIPTS:

Interest paid by Sovran Bank,
    N. A. on funds on
    deposit in Money Market
    Savings Account 74765110
    during period 101/85-
    12/2/85                       $    119.88

First installment paid by
    Fortcorp. under
    extenstion of Settle-
    ment Agreement between
    Trustee, Fortunate Cor-
    poration, M. Everett
    Goings, et al.                   4,442.44

Payment of Fortunate Corpora-
    tion of balance due under
    Settlement Agreement,
    and extension thereof,
    between Trustee, For-
    tunate Corporation, M.
    Everett Goings, et al.          46,036.80           50,599.12

DISBURSEMENTS:

St. John, Bowling, Payne
    & Lawrence - balance of
    attorney's fees allowed
    pursuant to Order
    entered 12/19/83              $ 7,726.29

W. Stephen Scott, Trustee -
    reimbursement for
    out-of-pocket expenses:
    Telephone:      $14.39
    Photocopies:      0.15
    Postage           5.89            20.43

John H. Nelson, C.P.A. -
    accounting services
    allowed pursuant to
    Order entered 3/17/86          1,182.50           ( 8,929.22)

BALANCE ON HAND AS OF THIS REPORT                      $47,504.09
```

- 2 -

3. On September 19, 1985, your Trustee re-disbursed to General Electric Company, a general creditor of the estate, the sum of $2,598.64, representing a first distribution on its unsecured claim totalling the sum of $5,017.50. The first distribution check to said creditor was not cashed by General Electric Company, and your Trustee stopped payment on the same, issuing a replacement check on September 19, 1985. This new check has not been cashed by General Electric Company. Sovran Bank, N. A. has advised your Trustee that this check is now "stale" and will not be honored if presented to the Bank for payment. Accordingly, your Trustee believes it appropriate to pay into the Claims Registry of the United States Bankruptcy Court the sum of $2,598.64, representing the first distribution due said creditor. Your Trustee also intends to pay into the Claims Registry the final distribution due General Electric Company, the amount of which has not yet been determined.

4. On December 30, 1985, your Trustee transferred all funds from the interest-bearing Money Market account to the non-interest-bearing checking account. This transaction is not reflected in Receipts and Disbursements outlined in paragraph 2. above.

5. Your Trustee has out-of-pocket expenses totalling the sum of $33.72, for which he has not received reimbursement from this estate. These expenses are for long distance telephone calls - $3.00, photocopies - $10.50, and postage - $20.22.

- 3 -

6. During the administration of this estate, your Trustee has brought into this estate funds totalling the sum of $191,976.42, and disbursed funds totalling the sum of $144,472.33, leaving cash on hand as of this report totalling the sum of $47,504.09. Said funds are on deposit with Sovran Bank, N. A., Charlottesville, Virginia, in checking account #119-3863-5. Your Trustee has already received a commission of $2,273.29, on Receipts totalling the sum of $139,329.43, but has not received a commission on the balance of Receipts brought into this estate, totalling the sum of $52,646.99.

6. That on February 11, 1986, your Trustee requested a final audit, if any, of the Internal Revenue Service. The Service has sixty (60) days from the date of such request to inform your Trustee that it intends to conduct an audit. As of the date of this report, no such request has been made by the IRS, and your Trustee does not anticipate that such a request will be made.

6. That your Trustee has completed his administration of this estate, and is ready for a final meeting of creditors.

WHEREFORE, your Trustee prays that his report be accepted by the Court, and that a final meeting of creditors be scheduled.

Dated this 1st day of April, 1986.

Respectfully submitted,

W. Stephen Scott, Trustee

- 4 -

RECEIVED AND FILED
AT LYNCHBURG, VIRGINIA

UNITED STATE BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

JUL 1986

HOWARD J. BECK, JR., CLERK
UNITED STATES BANKRUPTCY COURT
By _____
         DEPUTY CLERK

In re:                          ]
                                ]
    DYNAMICS, INC.              ]    Case No. 681-00159-C
                                ]    Chapter  7
                                ]
            Debtor              ]

FINAL REPORT OF TRUSTEE TO REQUEST CLOSING OF CASE

TO THE HONORABLE WILLIAM E. ANDERSON, U.S. BANKRUPTCY JUDGE:

Comes now W. Stephen Scott, Trustee appointed in the above-styled proceeding and states unto the Court that he has made all distributions in accordance with the Order for Final Distribution and Order for Payment of Dividends entered on  April 28, 1986  ; that all distribution and dividend checks have been paid by the Bank as evidenced by the zero balance on the Sovran Bank, N. A. Bank Statement dated  May 30, 1986  , the original of which, along with all cancelled checks, have been mailed directly to the Bankruptcy Court by said Bank/a̶r̶e̶/a̶t̶t̶a̶c̶h̶e̶d̶/h̶e̶r̶e̶t̶o̶/a̶n̶d̶ m̶a̶d̶e̶/a̶/p̶a̶r̶t̶/o̶f̶/t̶h̶i̶s̶/r̶e̶p̶o̶r̶t̶; and there being nothing further for your Trustee to do, he respectfully requests that the be relieved of any further liability hereunder.

WHEREFORE, your Trustee prays that his final report be accepted by the Court; that he be discharged from any further liability; and that the subject case be closed.

Dated this  15th  day of  July  , 1986 .

Respectfully submitted,

_____
W. Stephen Scott, Trustee